UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNA LEE W.[1],<br><br>             Plaintiff,<br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security Administration,[2]<br><br>             Defendant. | Case No.  4:22-cv-00412-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Plaintiff Anna Lee W. brings this action under the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner).  The Commissioner denied Plaintiff's application for Disability Insurance Benefits under Title II of the Act. 42 U.S.C. § 401 *et seq.*  Following the Court's consideration of the Complaint (Dkt. 1), the administrative record and the parties' submissions, and for the reasons that follow, the decision of the Commissioner will be reversed and remanded.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin J. O'Malley was sworn in as the Commissioner of Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley will be substituted as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have the power to enter … a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion."  *Martinez v. Heckler*, 907 F.2d 771, 772 (9th Cir. 1986).  "Where the evidence as a whole can support either a grant or denial, [the court] may not substitute [its] judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").  "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  *Orn v. Astrue*, 495 F.3d. 625, 630 (9th Cir. 2007) (quotation omitted).

# BACKGROUND

## I. Plaintiff's Application

Plaintiff alleges disability based on her spinal stenosis, degenerative disc disease, major depression, irritable bowel syndrome (IBS), food allergy, asthma, and herniated disc. AR 219.[3] On the date last insured of September 30, 2018, Plaintiff was 39 years of age. AR 13, 23. She has at least a high school education and past relevant work experience as a cashier. AR 23.

Plaintiff protectively applied for Disability Insurance Benefits ("DIB") on November 7, 2019, alleging an onset date of February 5, 2016. AR 13. Her application was denied initially on April 20, 2020, and on reconsideration on July 20, 2020. *Id.* Plaintiff next requested a hearing, which was conducted by telephone on April 8, 2021, before Administrative Law Judge ("ALJ") David Willis. AR 13, 29-60. Plaintiff appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), Robert Van Iderstine, also testified. AR 29-60. On June 16, 2021, the ALJ issued a decision denying Plaintiff's application. AR 13-24. On August 20, 2021, Plaintiff requested Appeals Council review, which was denied on July 27, 2022. AR 5-14, 175-77. Plaintiff timely sought review before the Court.

## II. Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

---

[3] Citations to "AR" are to the Administrative Record. (Dkt. 15.)

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected… to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At the step one, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 414.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical and mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges as severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still

perform on a regular and continuing basis, despite any limitations their impairment impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, they are not disabled; if they cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert,* 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## III.  The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date of February 5, 2016, through her date last insured of September 30, 2018. AR 15. Therefore, the ALJ continued with the sequential process. *Id.*

At step two, the ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease, obesity, migraine headaches, essential hypertension, gastrointestinal disorder, and fibromyalgia" AR 15-16.

At step three, the ALJ determined that Plaintiff's impairments do not meet or medically equal the severity of a listed impairment. AR 17-18. The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff:

**MEMORANDUM DECISION AND ORDER - 5**

> [H]as the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: She can lift carry, push, or pull 10 pounds occasionally and less than 10 pounds frequently.  She can sit for about 6 hours in an 8[-]hour day.  She could stand and/or walk for about 6 hours in an 8[-]hour day.  She could only occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds.  She could only occasionally stoop, kneel, crouch, or crawl.  She could only occasionally reach overhead bilaterally.  She should avoid concentrated exposure to extreme cold and vibration.  She should avoid all exposure to unprotected heights, moving mechanical parts, and dangerous machinery.  She can tolerate moderate noise environment.  She can perform simple, routine, and repetitive tasks.  She can make simple work-related decisions.  She could occasionally interact and respond appropriately with supervisors, coworkers, and members of the public.  She could be off task for up to 5% of the time while at the work station.  She would be absent from work 1 day per month.

AR 18.

At step four, the ALJ found that Plaintiff cannot perform her past relevant work as a cashier.  AR 23.

But at step five—considering Plaintiff's age, education, work experience, and RFC—the ALJ found that a significant number of jobs exist in the national economy that Plaintiff can perform, including work as an addressing clerk, a final assembler, or a survey system monitor.  AR 23-24.  The ALJ concluded Plaintiff is not disabled.  AR 24.

## DISCUSSION

Plaintiff raises only one issue on appeal, arguing the ALJ erred by improperly accepting the VE's testimony that was unsupported by substantial evidence.  (Dkt. 16 at 4-10.)  Defendant contends that substantial evidence supported the ALJ's finding that Plaintiff could perform a significant number of jobs existing in the national economy.  (Dkt. 21 at 2-8.)

**MEMORANDUM DECISION AND ORDER - 6**

More specifically, Plaintiff argues that the ALJ erred in relying on the VE's testimony at step five in two respects. First, Plaintiff argues that the ALJ's finding that Plaintiff can perform the position of survey system monitor is inconsistent with her RFC. (Dkt. 16 at 5-7.) Second, Plaintiff argues that the total number of jobs for the two other positions—addressing clerk and assembler—identified by the VE is overestimated, as demonstrated by rebuttal evidence submitted by Plaintiff to the Appeals Council. (Dkt. 16 at 7-9.) As explained below, the Court cannot determine whether the ALJ's error regarding the position of survey system monitor was harmless, so the Court will remand to the Commissioner for further proceedings.

**A. The position of survey system monitor conflicts with Plaintiff's RFC.**

With regard to Plaintiff's first argument, she contends the position of survey system monitor is inconsistent with the RFC assessed by the ALJ, because the position involves Level Three reasoning. Level Three requires an individual to: "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, [and] [d]eal with problems involving several concrete variables in or from standardized situations." *Dictionary of Occupational Titles (DOT)*, Appendix C, s. 3. Plaintiff, however, is limited to simple, routine, and repetitive tasks in her RFC.

When there is an apparent conflict between the VE's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (citing

**MEMORANDUM DECISION AND ORDER - 7**

*Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007).  Defendant acknowledges that the ALJ erred by not resolving the conflict between the DOT requirements and the VE's testimony regarding Plaintiff's ability to perform the position of survey system monitor.  (Dkt. 21 at 3.)  And, the Court agrees that the conflict between the reasoning level required for the position of survey system monitor and Plaintiff's limitations to simple, routine tasks in her RFC is an inconsistency that needed to be resolved by the ALJ.  Therefore, the Court finds the ALJ erred by failing to reconcile the apparent conflict.

However, Defendant argues the error is harmless because, even without the position of survey system monitor, the VE and the ALJ identified a significant number of jobs in the two other identified positions—addressing clerk and final assembler—that exist in the national economy.  This too is challenged by Plaintiff on appeal, although not raised by Plaintiff to the ALJ.  As such, the Court will turn to address whether the number of jobs in those two positions was "significant," and whether the ALJ's error was harmless.

### B. The Court cannot discern whether the Appeals Council considered the rebuttal evidence presented by Plaintiff regarding the number of jobs.

At the hearing before the ALJ in April of 2021, the VE identified the number of jobs available in the three positions that a person with Plaintiff's RFC limitations could perform: (1) addressing clerk (37,000 positions nationwide); (2) final assembler (60,000 positions nationwide); and (3) survey system monitor (36,000 positions nationwide).  AR 24, 54-55.

**MEMORANDUM DECISION AND ORDER - 8**

Although there is no bright-line rule for what constitutes a significant number, the Ninth Circuit has held that an ALJ's finding that 25,000 national jobs is sufficient presents a close call, yet constitutes a significant number of jobs.  *See Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014).  The Ninth Circuit has also held that the availability of 1,680 national jobs does not constitute a significant number of jobs.  *Beltran v. Astrue*, 700 F.3d 386, 390-91 (9th Cir. 2012).  Since the decision in *Gutierrez*, the Ninth Circuit has never found a figure lower than 25,000 jobs to constitute a significant number of jobs.  *See Lemauga v. Berryhill*, 686 Fed. Appx. 420, 422 (9th Cir. 2017) ("The government does not argue before us that the 12,600 available dowel inspector jobs in the national economy represent a significant number. We note that this court has never found a similar number to be significant.")  The Ninth Circuit has found "a comparison to other cases…instructive."  *Id.* at 389.

Here, when considering the two remaining positions, 97,000 total positions exist in the national economy, per the VE's testimony.  The 97,000 positions available to Plaintiff as an addressing clerk or a final assembler is a significant number in the context of what was deemed to be a "close call" in *Gutierrez*.  Further, the number of positions available for each of these positions, 37,000 positions for an addressing clerk and 60,000 positions for a final assembler, far exceeds the total number of positions considered to be "significant" in *Gutierrez*.

Relatedly, however, Plaintiff argues that the total number of jobs available in the national economy for the two other identified positions provided by the VE's testimony is

**MEMORANDUM DECISION AND ORDER - 9**

overestimated. The narrow issue presented is whether Plaintiff submitted rebuttal evidence to the Appeals Council sufficient to warrant review of the ALJ's finding that a significant number of jobs existed in the national economy that Plaintiff could perform. If so, the Court must then determine whether the Commissioner, on remand, is required to reconcile the purported inconsistency between the testimony of the VE and Plaintiff's contrary job number estimates submitted to the Appeals Council after the ALJ's decision. *See Wischmann v. Kijakazi*, 68 F.4th 498 (9th Cir. 2023).

At the hearing before the ALJ in April of 2021, Plaintiff's counsel asked the VE how he calculated the job numbers for the three positions identified and the data source used for those calculations. AR 57. The VE stated that he used information from "the United States…Bureau of Labor Statistics[,]" along with "a resource research site that [he] utilize[s]." *Id.* Whereas "the OES groups [job data] into categories[,]" the VE testified that he tries to "get as specific as [he] can" and "the research that [he does] is more job specific" than the information available in the OES groups. *Id.* The VE was not confronted with any contrary evidence from any source during questioning by Plaintiff's counsel. Plaintiff next requested that the Appeal Council review the ALJ's decision on August 20, 2021. AR 4-5, 175-77.

A claimant may call into question the sufficiency of a VE's estimated job numbers if they raise the issue "in a general sense before the ALJ…by inquiring as to the evidentiary basis for a VE's estimated job numbers[.]" *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017). Next, following a hearing before the ALJ, the claimant must

**MEMORANDUM DECISION AND ORDER - 10**

either "submit supplemental briefing or interrogatories contrasting the VE's specific job estimates with estimates of the claimant's own" to the ALJ or "raise new evidence casting doubt on a VE's job estimates before the Appeals Council[.]" *Id.*

Here, Plaintiff's counsel claims he attached four pages of raw data procured by Plaintiff from SkillTRAN Job Browser Pro to a letter dated August 20, 2021, to the Appeals Council. (Dkt. 16-1 at 3-6.) Although Plaintiff's counsel submitted the letter and the pages with the briefing before the Court, neither are included in the administrative record. (*See* Dkt. 16-1.) Defendant, however, does not contest the letter and the raw data were provided with the request for review. Instead, Defendant argues that this rebuttal evidence was not probative. As such, Defendant claims the error regarding the position of survey systems monitor is harmless, and maintains its argument that a significant number of jobs existed in the two other positions identified by the VE.

On July 27, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's disability determination, stating that they "found no reason under [their] rules to review the [ALJ's] decision." AR 1. The order denying review demonstrates that the Appeals Council received a request for review; the administrative record includes Exhibit 14B, a three-page document designated as Plaintiff's counsel request for review, received on August 20, 2021. AR 4-5. In contrast, the letter and the four pages of raw data attached to Plaintiff's briefing amounts to six pages. (Dkt. 16-1 at 1-6.) Exhibit 14B itself demonstrates that Plaintiff's counsel requested the Appeals Councils' review on

**MEMORANDUM DECISION AND ORDER - 11**

August 20, 2021, and that Plaintiff's counsel included attached files with the request. The attached files, however, are not available in the administrative record.

With this, the Court has at least two concerns: 1) the letter and the four pages of raw data attached to Plaintiff's briefing amounts to six pages, and 2) the administrative record does not make it clear what rebuttal evidence, if any, was before the Appeals Council. Considering the page discrepancy and the absence of the rebuttal evidence attached to the brief in the administrative record, the Court cannot discern whether the Appeals Council received, let alone properly considered, the letter and all four pages of raw data from Job Browser Pro that are attached to Plaintiff's brief.

Ordinarily, to determine whether the Commissioner had a duty to address a conflict in job number evidence (and failed to discharge that duty), the Court would be required to consider whether the rebuttal evidence submitted by the claimant to the Appeals Council was "meritless or immaterial" or had "significant probative" value. *Kilpatrick*, 35 F.4th at 1193. Here, the Court finds that it would be inappropriate to consider Plaintiff's counsel's letter and six pages of rebuttal evidence when it is unclear whether the Appeals Council received this evidence and discharged its duty to address whether a conflict in job number evidence was presented. Because the rebuttal evidence does not appear in the administrative record, the Court cannot discern whether the evidence was received or considered by the Appeals Council in its denial of Plaintiff's request for review.

**MEMORANDUM DECISION AND ORDER - 12**

Although Defendant does not contest that this rebuttal evidence was actually submitted by Plaintiff to the Appeals Council (Dkt. 21 at 2-8), the Court does not believe it would be appropriate for the Court to consider it to determine: 1) whether the purported conflict in job numbers was probative; or 2) whether the ALJ's error regarding the position of survey system monitor was harmless. Due to the ambiguity as to whether the Appeals Council either received or considered the rebuttal evidence that is not in the administrative record, the Court cannot review the evidence to determine whether there was substantial evidence in support of the finding by the ALJ that Plaintiff can perform a significant number of jobs in the national economy. Without a clear indication that the Appeals Council considered this evidence, the Court cannot discern whether the total number of jobs that Plaintiff can perform is an overestimation. *See Gutierrez*, 740 F.3d at 528. Therefore, the Court cannot determine whether the ALJ's error regarding the survey system monitor position was harmless.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court will reverse and remand the Commissioner's decision. In this case, the record does not conclusively show that Plaintiff is disabled, and therefore this matter warrants further proceedings. The appropriate remedy, therefore, is remand for further proceedings.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED THAT:**

1. The decision of the Commissioner of Social Security is **REVERSED**.

**MEMORANDUM DECISION AND ORDER - 13**

2. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3. This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: March 25, 2024

_____

Honorable Candy W. Dale
United States Magistrate Judge